UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>  v.<br><br>DOMINGO VEGA-CAVADA,<br><br>                    Defendant. | Case No. 2:15-cr-00067-KJD-GWF<br>          2:18-cv-00481-KJD<br><br>ORDER |

      Presently before the Court is Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#104). The Government filed a response in opposition (#107).

I. Background

      On March 10, 2015, the grand jury returned an indictment charging Defendant DomingoVega-Cavada ("Defendant" or "Movant" or "Vega") and his two co-defendants with conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846 (count 1), and possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (count 2). Vega, on April 27, 2016, pled guilty pursuant to a written plea agreement under Federal Rules of Criminal Procedure 11(C)(1)(A) and (B). See Doc. No. 58 ("Plea Ag.").

      Pursuant to his plea agreement, Vega admitted to "knowingly and voluntarily" (Plea Ag. at 2, § II(A)) pleading guilty to count 1, in exchange for numerous favorable benefits. See, e.g., Plea Ag. at 2, § II(A) (government will dismiss count 2 and the post-indictment information filed under 21 U.S.C. § 851, ECF No. 45) (see infra at 3 n.1); id. at 3, § II(D) (government will bring no additional charges), at 6, § VI(C) (will recommend 3-level reduction for acceptance of responsibility, provided Vega qualifies), at 8-9, § VIII (government joins Vega in recommending

a low-end sentence, provided Vega qualifies).

By signing the agreement—which also waived Vega's right to appeal, or collaterally challenge, any sentence within or below the guidelines' range, see id. at 10, § X(B)—Vega swore that he read it and discussed it with his attorney (see id. at 9-10, § X(A)(1)-(3))and—critically—affirmed that "he alone decide[d] whether to plead guilty or go to trial" and that "he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement." Id. at 10, § X(A) (emphasis added). Further, in the written plea the ten-year mandatory minimum is disclosed and acknowledged by Vega, including the consequences if the safety valve does not apply.

On April 27, 2016, this Court conducted Vega's change-of-plea colloquy under Rule 11. See Doc. No. 86 (transcript). Vega, under oath (see id. at 4) and through an interpreter, affirmed that he was "satisfied with the amount of time [his] attorney has spent with [him]" (id. at 8); that there was nothing he "requested of [his] attorney in connection with his representation . . . that he has failed to do" (id. at 9); and that he was "satisfied to have [his] attorney continue to represent [him] in this matter." Id. Vega admitted the facts necessary to establish guilt as to each element of count 1. See Doc No. 86 at 12, 25-27 (admitting he drove the methamphetamine in his truck to the site of a planned drug sale on February 24, 2015).

Having unreservedly affirmed his satisfaction with his attorney, Vega flatly answered "no" when asked, first, whether "anyone threatened [him] or forced [him] to plead guilty," and, second, whether he was "pleading guilty because of any threats or coercion among yourselves (his co-defendants) or from other parties." Doc. No. 86 at 14-15. Given that Vega's guilty plea was both uncoerced and informed by consultations with his lawyer, this Court accepted the plea as "knowing and voluntary and supported by an independent basis in fact." Id. at 30.

At sentencing on July 26, 2016, this Court calculated Total Offense Level 29, Criminal History Category II, and—with a mandatory minimum of 120 months[1]—an advisory guideline

---

[1] Here, Defendant's hope that he would have an 87-month sentence, was hamstrung by his own criminal history. If he had been in criminal history category I, the sentencing guidelines would have prescribed a range of 87-108 months' imprisonment. However, § 841(b)(1)(A) generally mandates imprisonment of "not less than 10 years" – which increases to "not less than 20 years" (and a range of 97-121 months) if, as here, the defendant has prior conviction for a "felony drug offense" and falls in Category II. The benefit of Defendant's plea agreement, which he

- 2 -

range of 120-121 months. Doc. No. 87 at 4. Vega then asked this Court for "forgiveness" and "fair[ness]" (id. at 5-6) but offered not one word of criticism about his attorney's performance or suggested in any way that his decision to plead guilty was the result of previously undisclosed coercion. This Court thus imposed a low-end, 120-month custodial sentence (id. at 6) and entered judgment two days later. Doc. No. 71.

After his appeal was dismissed, Defendant filed this timely motion under 28 U.S.C. § 2255. Essentially, Defendant asserts that he received ineffective assistance of counsel because his attorney placed him under duress and coerced him to sign the plea agreement, threatened him that if he didn't take the plea deal he would get 15-20 years, hardly spent any time with him, and falsely represented to him that if he took the plea deal he would receive 87-months. The Court ordered trial counsel to provide a responsive affidavit. The Government then filed its motion in opposition.

II. Legal Standard

To establish ineffective assistance of counsel, a defendant must show both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Supreme Court recently re-emphasized the burdens a defendant must

---

is not adequately crediting his counsel for, is that the government dismissed the § 851 information which would have subjected Vega to a mandatory minimum of 20-years imprisonment. Even with the favorable plea agreement, Vega's prior conviction made him ineligible for 'safety valve' relief from the mandatory minimum under 18 U.S.C. § 3553(f)(1). The end result being that the low end of the guideline range was 120-months imprisonment, not as low as the 87 Defendant hoped for, but much better than the 240 Defendant faced under the information.

1  overcome to establish ineffective assistance of counsel:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

In order to establish a meritorious claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate counsel's performance if the petitioner fails to show his defense was prejudiced by counsel's alleged errors. Strickland, 466 U.S. at 697. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Lee v. United States, 137 S. Ct. 1958, 1965 (2017) (quoting Hill v. Lockhart, 474 U.S. 52, 60 (1985)).

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511 F.3d 1233, 1236–37 (9th Cir. 2008) (citing United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to a defendant's in-court statements in determining whether a guilty plea was voluntary)); United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir. 1993) ("[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight because [s]olemn declarations made in open court carry a strong presumption of verity.") (internal quotation omitted)); see also Shah v. United States, 878 F.2d

1156, 1162 (9th Cir. 1989). Further, a district court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing if the defendant's allegations, viewed against the record, "either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989)

III. Analysis

First, all of the claims that Defendant bases on his assertion that he was frightened by his attorney and the attorney's staff and coerced into signing the plea agreement are belied by the record. Further, weighing the affidavit of Defendant's plea and sentencing counsel along with the Court's actual observation of Defendant's demeanor during the plea and sentencing colloquies, the Court finds the veracity of Defendant's assertions in his motion to be highly questionable. At his plea hearing, Defendant admitted that his attorney went over the plea agreement with him in detail, answered all his questions and that he was satisfied with his counsel's representation. There was no verbal indication in response to the Court's questions that anything was wrong. Additionally, observing Defendant's demeanor at the plea and sentencing, there was no reason to believe that he was lying or under duress or coercion when he entered the guilty plea and made factual admissions demonstrating his guilt. The plea agreement clearly set forth the consequences of the plea: a ten-year mandatory minimum sentence. It also clearly revealed that if Defendant was ineligible for the safety valve, that the mandatory minimum would be applied. At the time that Defendant signed the plea agreement he knew that he had a prior conviction that made him ineligible for the safety valve.

In fact, the record demonstrates that rather than being ineffective, Defendant's counsel negotiated him a significant benefit that greatly reduced his sentence, withdrawal of the information that would have subjected Defendant to a twenty-year mandatory minimum. In face of the overwhelming evidence Defendant would have faced at trial, it is simply impossible to believe that he would have given up this significant benefit to risk a jury trial that would have more than doubled his sentence. Defendant offers no reason to believe that this is true. Therefore, because Defendant has failed to demonstrate that he is factually correct and failed to demonstrate prejudice under Strickland, the Court must deny his § 2255 motion. Id.

IV. Certificate of Appealability

The Court must decide whether to grant Movant a certificate of appealability. A certificate of appealability permits a § 2255 petitioner to pursue a direct appeal from a district court's final order denying the petition. It is only available where the petitioner has made a "substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2); United States v. Welch, 136 S. Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional deprivation when reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 529 U.S. 473, 484 (2000). This is not the case here. Movant's arguments are belied by the record. He has neither shown that his counsel's performance was deficient nor that he was prejudiced by that performance. Therefore, Movant has not made the substantial showing necessary to warrant a certificate of appealability.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#104) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:18-cv-0481-KJD, and close that case

IT IS FURTHER ORDERED that Movant is **DENIED** a Certificate of Appealability.

DATED this 14th day of December 2020.

_____
Kent J. Dawson
United States District Judge